UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**ROBERT GENE BANCROFT**,

    Defendant.

                                              /

File No. 1:09-cr-101-02

HON. ROBERT HOLMES BELL

## O P I N I O N

Defendant Bancroft pled guilty to one count of conspiracy to steal and convert more than $1,000.00 of government property, resulting in a sentence of eighteen months of incarceration, a $100.00 special assessment, and $93,338.06 in restitution. The Judgment against Mr. Bancroft states that restitution "shall be paid while on supervised release in minimum monthly installments of $200 to commence 60 days after release from imprisonment." (Dkt. No. 38.)

On September 1, 2010, the United States applied for a Writ of Continuing Garnishment against property seized by the Mason Police Department when Defendant was arrested on February 11, 2009. (Dkt. No. 42.) This matter is before the Court on Defendant Bancroft's motion to quash the garnishment of his property. (Dkt. No. 47.) Defendant argues that the garnishment contravenes the payment plan established in the judgment. (*Id*.)

Federal law grants the Government authority to pursue restitution obligations by

means other than a court-instituted payment schedule. "An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title, or by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i-ii). The Government may enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a).

An expanding list of Federal courts have found that, under 18 U.S.C. §§ 3664(m) and 3613(a), the government is not limited by judicially crafted payment plans and may freely pursue other means of securing restitution, including a writ of garnishment. *See e.g., United States v. James*, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004) ("While a schedule of $150 per month was put in place in the event restitution was not paid immediately, the existence of this schedule does not mean that the government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a restitution judgment."); *United States v. Hanhardt*, 353 F. Supp. 2d 957, 959-960 (N.D. Ill. 2004) ("The court ordered that Hanhardt pay restitution as a condition of his supervised release. However, this order should not be construed as permission for Hanhardt to avoid paying restitution until his sentence of incarceration is complete."); *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1193 (D.S.D. 2008) ("It is important to keep in mind that a court ordered payment schedule is an enforcement remedy that operates *in personam* against a defendant. . . . By contrast, the post-judgment remedies available to the Government operate *in rem* against a defendant's

property. . . . Defendant's claim, that the Government is forever bound beholden to a court ordered payment plan, not only is without merit, but also makes no practical sense.").

Although one court did reach a contrary result, *United States v. Roush*, 452 F. Supp. 2d 676 (N.D. Tex. 2006) (holding that Government may not garnish assets to satisfy a restitution obligation in advance of a judicially established payment schedule), that decision appears to have been overruled by the Fifth Circuit. *United States v. Ekong*, 518 F. 3d. 285, 286 (5th Cir. 2007) (holding that the Government may immediately enforce restitution orders by all available means and in accordance with the same practices available for enforcing civil judgments under 18 U.S.C. §§ 3664(m) and 3613(a)); *See also United States v. Urso*, No. 3:08-CV-1230-L, 2009 WL 2999521, at *1-2 (N.D. Tex., Sept. 18, 2009). The Court agrees with the statutory analysis of the Fifth Circuit and sees no reason to depart from the majority rule. The government is free to pursue any authorized means of securing a restitution obligation, and it is clear that writs of garnishment are authorized by federal law. *James*, 312 F. Supp. 2d at 807 (citing 28 U.S.C. § 3205). Therefore, Defendant's motion will be denied. An order consistent with this opinion will be entered.

Dated: <u>November 1, 2010</u>         /s/ Robert Holmes Bell
                                                                               ROBERT HOLMES BELL
                                                                               UNITED STATES DISTRICT JUDGE